*E-Filed 11/1/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN WILLIAM RIGONI, | No. C 10-0198 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ANTHONY HEDGPETH, | |
| Respondent. | |

# INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 11) is GRANTED. The petition is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within

one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

According to the petition, petitioner pleaded *nolo contendere* in 1999 in the Santa Clara Superior Court to charges of rape by use of an object, and lewd conduct with a minor, and, in April 1999, was sentenced to 25 years-to-life. Petitioner appealed, but his conviction was affirmed on direct review by the state appellate and supreme courts, the supreme court denying review on October 25, 2000. Petitioner then had until January 23, 2002 (one year and ninety days after the California Supreme Court denied his petition for direct review) to file a timely federal habeas petition. Petitioner filed the instant federal habeas petition on January 14, 2010. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because petitioner did not file his federal petition by January 23, 2002, i.e., within a year and ninety days of the date the state court judgment became final.

**C.     Statutory and Equitable Tolling**

**1.     Statutory Tolling**

According to the petition, petitioner filed his first state habeas petition on May 1, 2009. (Pet., Statement of Facts at 4.) Again, petitioner had until January 23, 2002 to file a timely federal habeas petition.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, such as the May 1, 2009 state habeas petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his first state habeas petition after the January 23, 2002 filing deadline, the 2009 petition cannot serve to toll the limitations period. Accordingly, absent equitable tolling, the petition is untimely and must be dismissed.

**2. Equitable Tolling**

Petitioner asserts that he is entitled to equitable tolling under the newly-discovered evidence rule.[1] (Opp. to Mot. to Dismiss at 1–2.) This assertion is undermined, however, by petitioner's declaration that he knew of this evidence at the time of his plea agreement, but could not obtain documentation of this evidence until many years later. (*Id.* at 2.) The calculation of timeliness, petitioner asserts, should be based on when he obtained the documentation, not when he first knew of the evidence. (*Id.*)

The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, No. 09-5327 slip op. 1, 12 (June 14, 2010) (holding that equitable tolling may be applicable to extraordinary instance of attorney misconduct far greater than "garden variety" or "excusable neglect" where petitioner exhibited "reasonable diligence" in pursuing his rights and remanding case for

---

[1] The "newly-discovered evidence" consists of (1) trial counsel's declaration that he advised petitioner to enter a plea because, as he had been advised by the trial judge, petitioner likely would receive a sentence of no more than 12 years; (2) another letter from trial counsel stating the same facts; and (3) documentation from the prosecutor's office which included a SART ("Sexual Assault Response Team") report detailing the victim's alleged injuries, and the results of a blood test on the victim.

detailed determination of circumstances). In *Holland*, the Supreme Court relied on the standard set forth in its earlier decision in *Pace*, that "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 16–17 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Limitations periods can start running from when "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244. Section (D) is inapplicable here, however, because petitioner <u>admittedly</u> knew of the factual predicate of his claims well before the final filing date for a federal habeas petition.[2] That he could not obtain the corroborating documentation until later does not serve to toll the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *Escamillia v. Jungworth*, 426 F.3d 868, 871 (7th Cir. 2005); *Weaver v. Alameida*, 225 Fed. Appx. 598, 599 (9th Cir. 2007).

Petitioner seems to contend that he is entitled to equitable tolling because he is innocent. This contention is unavailing. "[T]here is no 'actual innocence' exception to the one-year statute of limitation for filing an original petition for habeas corpus relief." *Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010). Petitioner having been unable to show that he is entitled to statutory or equitable tolling, respondent's motion to dismiss must be granted, and the petition dismissed.

//

//

---

[2] There is other evidence showing that petitioner knew of the factual predicate of his claims well before the filing deadline: (1) a letter appended to a motion to strike his prior convictions filed with the trial court in 1999 (Mot. to Dismiss, Ex. 1 at 165); and (2) another letter, this sent to the Santa Clara Superior Court. (*Id.* at 291.)

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 11) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate all pending motions, and close the file. This order terminates Docket No. 11.

**IT IS SO ORDERED**.

DATED: October 28, 2010

_____
RICHARD SEEBORG
United States District Judge